IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MONTERIO WESCO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-1392-L-BN |
| | § | |
| NAVY FEDERAL CREDIT UNION, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Paying the statutory filing fee, Monterio Wesco filed a *pro se* complaint against
Defendant Navy Federal Credit Union ("Navy Federal") raising claims under the
"Federal Reserve 16 pt 1, 2, Federal Reserve Act 29 a, b, c, d Truth In Lending Act,
Bill of Exchange Act, [and] Equal Credit Opportunity Act" and for breach of contract
and fiduciary duties based on his allegedly entering a consumer credit transaction
with Navy Federal and his then tendering a negotiable instrument to Navy Federal,
which Navy Federal refused to return to him. Dkt. No. 3.

United States District Judge Sam A. Lindsay referred Wesco's lawsuit to the
undersigned United States magistrate judge for pretrial management under 28
U.S.C. § 636(b) and a standing order of reference.

Navy Federal moves to dismiss the complaint under Federal Rules of Civil
Procedure 12(b)(1) and 12(b)(6), Wesco moves for leave to amend his complaint, and
the parties briefed the motions. *See* Dkt. Nos. 6-11.

The undersigned enters these findings of fact, conclusions of law, and

recommendation that the Court should grant the motion to dismiss, deny the motion for leave to amend, and dismiss this lawsuit.

## Discussion

### I.    Wesco fails to establish subject matter jurisdiction.

"Jurisdiction is the power to say what the law is." *United States v. Willis*, 76 F.4th 467, 479 (5th Cir. 2023). So consideration of "[j]urisdiction is always first." *Louisiana v. U.S. Dep't of Energy*, 90 F.4th 461, 466 (5th Cir. 2024) (citation omitted). And the Court must first consider the Rule 12(b)(1) grounds for dismissal.

Wesco chose to file this lawsuit in federal court and, by doing so, undertook the burden to establish federal jurisdiction. *See St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." (cleaned up)); *Butler v. Dall. Area Rapid Transit*, 762 F. App'x 193, 194 (5th Cir. 2019) (per curiam) ("Assertions that are conclusory are insufficient to support an attempt to establish subject-matter jurisdiction." (cleaned up)).

Under their limited jurisdiction, federal courts generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332.

Wesco invokes federal question jurisdiction under Section 1331, *see* Dkt. No. 3 at 3; Dkt. No. 7-1 at 4, which "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law,'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v.*

*Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27-28 (1983)); *see also In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) ("A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995))).

The "'creation' test … accounts for the vast bulk of suits under federal law." *Gunn*, 568 U.S. at 257 (citation omitted). But

> "a federal court [is also] able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." That is to say, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."

*Perez v. Se. SNF, L.L.C.*, No. 21-50399, 2022 WL 987187, at *3 (5th Cir. Mar. 31, 2022) (per curiam) (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005), then *Gunn*, 568 U.S. at 258).

And, should Wesco also intend to invoke diversity subject matter jurisdiction, under Section 1332 each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a), (b).

This amount "is determined by the amount of damages or the value of the property that is the subject of the action." *Celestine v. TransWood, Inc.*, 467 F. App'x 317, 319 (5th Cir. 2012) (per curiam) (citation omitted). "The required demonstration concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether the plaintiff is likely to win or be awarded everything he

seeks." *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015) (cleaned up). That is, "[t]he amount in controversy is not proof of the amount the plaintiff will recover but an estimate of the amount that will be put at issue in the course of the litigation. The amount is measured by the value of the object of the litigation." *Durbois v. Deutsche Bank Nat'l Tr. Co. as Tr. of Holders of AAMES Mortg. Inv. Tr. 20054 Mortg. Backed Notes*, 37 F.4th 1053, 1057 (5th Cir. 2022) (cleaned up).

"When a plaintiff invokes federal-court jurisdiction, the plaintiff's amount-in-controversy allegation is accepted if made in good faith." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014). More specifically, "unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Greenberg*, 134 F.3d at 1253 (cleaned up).

And, "[f]or diversity purposes, state citizenship is synonymous with domicile. A change in domicile requires: '(1) physical presence at the new location and (2) an intention to remain there indefinitely.'" *Dos Santos v. Belmere Ltd. P'ship*, 516 F. App'x 401, 403 (5th Cir. 2013) (per curiam) (citations omitted); *see also Preston v. Tenet Healthsystem Mem'l Med. Ctr.*, 485 F.3d 793, 797-98 (5th Cir. 2007) ("In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship.... Domicile requires the demonstration of two factors: residence and the intention to remain." (citing *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954))); *SXSW v. Fed. Ins. Co.*, 83 F.4th 405, 407 (5th Cir. 2023) ("'The difference between *citizenship* and *residency* is a frequent source of confusion.' For natural persons, § 1332 citizenship is determined by domicile, which

- 4 -

requires residency plus an intent to make the place of residency one's permanent home. An allegation of residency alone 'does not satisfy the requirement of an allegation of citizenship.'" (emphasis in original; citations omitted)).

"The basis for diversity jurisdiction must be 'distinctly and affirmatively alleged.'" *Dos Santos*, 516 F. App'x at 403 (quoting *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009)). For example, "an allegation of residency alone does not satisfy the requirement of an allegation of citizenship." *J.A. Maters Invs. v. Beltramini*, ___ F.4th ____, No. 23-20292, 2024 WL 4115280 (5th Cir. Sept. 9, 2024) (per curiam) (citation omitted). And "a 'failure to adequately allege the basis for diversity jurisdiction mandates dismissal.'" *Dos Santos*, 516 F. App'x at 403 (quoting *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991)).

Here, while Wesco cites at least two federal statutes that provides for a private right of action – the Truth in Lending Act ("TILA") and the Equal Credit Opportunity Act ("ECOA") – the "mere recital" of such a statute does not establish jurisdiction under Section 1331 where no facts alleged in the complaint demonstrate a violation of that statute. *Murphy v. Inexco Oil Co.*, 611 F.2d 570, 573 (5th Cir. 1980) ("[T]he assertion that the claim involves [a federal] question must be more than incantation. While jurisdiction does not depend on the contention having ultimate merit, its mere recital cannot confer jurisdiction if the contention is frivolous or patently without merit." (citations omitted)); *see also Hicks v. Capital Bank*, No. 3:24-cv-517-G, 2024 WL 1287626, at *1 (N.D. Tex. Mar. 26, 2024) (observing "that the Federal Reserve Act does not provide individuals with a private cause of action" and that reliance on

the so-called Bills of Exchange Act, which is not a federal statute, is "similarly frivolous" (citations omitted)).

And, as discussed below, if Wesco's factual allegations (and proposed amended allegations) support any cause of action, it is for breach of contract, an inherently state law violation. And, while none of the allegations Wesco pleads or proposes can be liberally construed to support TILA and ECOA violations, to the extent that the statutes are invoked, that's not enough, because "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Singh v. Duane Morris LLP*, 538 F.3d 334, 338 (5th Cir. 2008) (quoting *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 813 (1986)).

And, even though it's not invoked, Wesco fails to distinctly and affirmatively allege subject matter jurisdiction under Section 1332 where he fails to establish the citizenships of the parties.

## II.    Wesco fails to allege plausible claims. And his proposed amended pleading is similarly deficient. So granting leave to amend would be futile.

Considering a motion under Rule 12(b)(6), the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). Even so, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Cf. Bryant v. Ditech Fin., L.L.C.*, No. 23-10416, 2024 WL 890122, at *3 (5th Cir. Mar. 1, 2024) ("[J]ust as plaintiffs cannot state a claim using speculation, defendants cannot defeat plausible inferences using speculation.").

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. So, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557); *see, e.g.*, *Parker v. Landry*, 935 F.3d 9, 17 (1st Cir. 2019) (Where "a complaint reveals random puffs of smoke but nothing resembling real signs of fire, the plausibility standard is not satisfied.").

And, while Federal Rule of Civil Procedure 8(a)(2) does not mandate detailed factual allegations, it does require that a plaintiff allege more than labels and conclusions. So, while a court must accept a plaintiff's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Consequently, a threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*; *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) ("[T]he court does not 'presume true a number of categories of statements, including legal conclusions; mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and

naked assertions devoid of further factual enhancement.'" (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021))).

And, so, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

And, while "*[p]ro se* complaints receive a 'liberal construction,'" "mere conclusory allegations on a critical issue are insufficient." *Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 494 (5th Cir. 2021) (cleaned up).

Even so, Federal Rule of Civil Procedure 15 requires that leave to amend be granted freely "when justice so requires." FED. R. CIV. P. 15(a)(2).

Because this rule provides a "strong presumption in favor of granting leave to amend," *Fin. Acquisition Partners, LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006), the Court must do so "unless there is a substantial reason to deny leave to amend," *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. Nov. 1981).

One such reason is futility: "If the complaint, as amended, would be subject to dismissal, then amendment is futile and the district court [is] within its discretion to deny leave to amend." *Martinez v. Nueces Cnty., Tex.*, 71 F.4th 385, 391 (5th Cir. 2023) (quoting *Ariyan, Inc. v. Sewage & Water Bd. of New Orleans*, 29 F.4th 226, 229 (5th Cir. 2022)).

As set out above, the facts alleged and proposed do not allow the Court to

reasonably infer violations of the two federal statutes cites that allow for private rights of action.

For example, as to an ECOA violation, Wesco alleges no facts that could show how Navy Federal discriminated against him based on a protected status. *See Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 705-06 (5th Cir. 2017) ("To state a claim for relief under the ECOA, the plaintiffs must plausibly show that they were discriminated against in violation of the statute. More specifically, the complaint must plausibly allege that (1) each plaintiff was an 'applicant'; (2) the defendant was a 'creditor'; and (3) the defendant discriminated against the plaintiff with respect to any aspect of a credit transaction on the basis of the plaintiff's membership in a protected class." (citations and footnote omitted).

As to a TILA violation, Wesco "does not allege any facts stating which disclosure requirements [Navy Federal] violated, or when, or how the violations occurred" – a "conclusory statement, devoid of any factual allegations, is insufficient to support a claim or survive a motion to dismiss." *Walker v. U.S. Bank*, No. 3:21-cv-758-L, 2021 WL 5701498, at *3 (N.D. Tex. Nov. 1, 2021), *rec. accepted*, 2021 WL 5630922 (N.D. Tex. Nov. 30, 2021).

And, putting aside the statutes cited and focusing just on the facts alleged and those proposed, Navy Federal's failing to return a negotiable instrument that Wesco sent to it unprompted neither results in a breach of contract nor a breach of fiduciary duties.

Starting with the breach-of-contract claim, "[f]orming a valid contract under

Texas law requires: (1) an offer, (2) acceptance in strict compliance with the terms of the offer, (3) a meeting of the minds, (4) each party's consent to the terms, and (5) execution and delivery of the contract with the intent that it be mutual and binding." *U.S. Bank Nat'l Ass'n v. Richardson*, No. 3:17-cv-2271-L, 2019 WL 1115059, at *3 (N.D. Tex. Mar. 11, 2019) (cleaned up).

"Once a valid contract is formed, to assert a claim for its breach under Texas law, a plaintiff must establish (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Id.* (cleaned up).

But Wesco fails to allege facts to support all (if any) of the required elements.

The same is true for the alleged breach of fiduciary duty where Wesco, for example, fails to even offer facts that could show the existence of a fiduciary relationship between Navy Federal and him. *See, e.g.*, *D'Onofrio v. Vacation Publ'ns, Inc.*, 888 F.3d 197, 215 (5th Cir. 2018) ("The elements of a breach of fiduciary duty claim are: (1) a fiduciary relationship must exist between the plaintiff and defendant; (2) the defendant must have breached his fiduciary duty to the plaintiff; and (3) the defendant's breach must result in injury to the plaintiff or benefit to the defendant." (quoting *Hunn v. Dan Wilson Homes, Inc.*, 789 F.3d 573, 581 (5th Cir. 2015) (quoting, in turn, *Graham Mortg. Corp. v. Hall*, 307 S.W.3d 472, 479 (Tex. App. – Dallas 2010, no pet.))))

And, as to Wesco's theories of liabilities generally, another district court in this circuit summed up similar theories as "delusional and irrational":

> What the plaintiff characterizes as a "consumer credit transaction" allegedly giving rise to the application of federal securities laws is simply a contract to purchase cell phone service from AT&T. The plaintiff admittedly fell behind on her payments, and when AT&T notified her of the amounts owed, the plaintiff appointed an "attorney-in-fact" by the same name but in reverse and repeatedly attempted to submit as payment "endorsed negotiable instruments" which in reality were simply copies of her AT&T bills. AT&T eventually terminated the plaintiff's phone service for non-payment and later restored the plaintiff's service after she paid the amount owed. The plaintiff's claims of securities fraud, defamation and breach of contract are not grounded in reality and have no arguable basis in fact.

*Douglas v. AT&T Servs., Inc.*, No. 3:23-CV-328-MPM-RP, 2023 WL 6883667, at *2 (N.D. Miss. Sept. 5, 2023), *rec. adopted*, 2023 WL 6881817 (N.D. Miss. Oct. 18, 2023).

In sum, dismissal is also appropriate under Rule 12(b)(6). And granting leave to amend would be futile.

## Recommendation

The Court should grant the motion to dismiss [Dkt. No. 6], deny the motion for leave to amend [Dkt. No. 7], and dismiss this lawsuit.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

      DATED: October 17, 2024

                        DAVID L. HORAN
                        UNITED STATES MAGISTRATE JUDGE