IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **MONTERIO WESCO,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:24-CV-1392-L-BN** |
| § | |
| **NAVY FEDERAL CREDIT UNION,** § | |
| § | |
| Defendant. § | |

# ORDER

On October 17, 2024, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 12) was entered, recommending that the court **grant** Defendant Navy Federal Credit Union's ("Navy Federal" or "Defendant") Motion to Dismiss ("Motion to Dismiss") (Doc. 6), **deny** Plaintiff Monterio Wesco's ("Mr. Wesco" or "Plaintiff") Motion For Leave to File an Amended Complaint ("Motion for Leave") (Doc. 7), and **dismiss** this lawsuit. The magistrate judge determined that Mr. Wesco fails to do the following: (1) establish subject matter jurisdiction and (2) plausibly allege claims. Further the magistrate judge determined that his proposed amended pleading is likewise deficient, so granting leave to amend would be futile.

No objections have been filed, and the 14-day period to object after service of the Reports has passed. *See* Fed. R. Civ. P. 72(b)(1)(2); 28 U.S.C. § 636(b)(1)(C). For the reasons stated herein, the court **accepts** the Report in part and **rejects** it in part.

Mr. Wesco invoked federal question jurisdiction pursuant to 28 U.S.C. § 1331. Report 2. The magistrate judge determined that while Mr. Wesco cites at least two federal statutes that provide for a private right of action—the Truth in Lending Act ("TILA") and the Equal Credit

Opportunity Act ("ECOA")—the mere recital of such a statute does not establish jurisdiction under § 1331 when no facts alleged in the complaint demonstrate a violation of that statute. Report 5 (internal quotation marks and citations omitted). Further, the magistrate judge concluded that *if* Plaintiff's allegations support any cause of action, it would be for breach of contract, an inherently state law violation. Report 6 (emphasis added). Further, the magistrate judge determined that while none of the allegations Mr. Wesco pleads or proposes can be liberally construed to support TILA and ECOA violations, to the extent that the statutes are invoked, it is not enough because the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction. Report 6 (quotation marks and citations omitted). Finally, he determined that even though Mr. Wesco did not invoke diversity question jurisdiction, he fails to allege subject matter jurisdiction distinctly and affirmatively pursuant to § 1332. Report 6.

Further, the magistrate judge determined that the proposed Amended Complaint (Doc. 7-1) also fails to allege federal-question jurisdiction. Report 6 (citation omitted). The court agrees. The proposed Amended Complaint does not cure the deficiencies identified by the Report as it relates to subject matter jurisdiction.

The court, however, does not address the magistrate judge's conclusion as it relates to the portion of Defendant's Motion to Dismiss for failure to state a claim because the court does not have subject matter jurisdiction pursuant to §§ 1331 or 1332. *See Ramming v. U.S.,* 281 F.3d 158, 161 (5th Cir. 2001) ("When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits.") (citation omitted).

**Order – Page 2**

Having reviewed the Report, Motion to Dismiss, Motion for Leave, record, applicable law, and for the reasons stated herein, the court **accepts** the Report in part and **rejects** it in part. The court **accepts** the Report to the extent that it determines Plaintiff has not sufficiently established subject matter jurisdiction. The court **rejects** the Report insofar as it analyzes Plaintiff's failure to state a claim upon which relief can be granted.

Accordingly, the court **grants** Navy Federal's Motion to Dismiss, **denies** Plaintiff's Motion For Leave, and **dismisses without prejudice** this action. Pursuant to Rule 58(a) of the Federal Rules of Civil Procedure, the court will enter judgment by separate document.

**It is so ordered** this 5th day of November, 2024.

Sam A. Lindsay
United States District Judge

The magistrate judge held that the facts alleged in the proposed amended pleadings do not allow the court to reasonably infer violations of two federal statutes cites that allow for private rights of action. Report 8. The magistrate judge determined that as it relates to the ECOA violation, Mr. Wesco alleges no facts that could show how Navy Federal discriminated against him based on a protected status. Report 9 (citation omitted). Similarly, the magistrate judge determined that, as it relates to a TILA violation, Mr. Wesco does not allege any facts stating which disclosure requirements Navy Federal violated. Report 9 (cleaned up).

Further, the magistrate judge held, "putting aside the statutes [Plaintiff] cited and focusing just on the facts alleged and those proposed, Navy Federal's failing to return a negotiable instrument that [Mr.] Wesco sent to it unprompted neither results in a breach of contract nor a breach of fiduciary duties." Report 9. The magistrate judge determined that Mr. Wesco fails to allege facts to support all of the required elements to be successful on a breach of contract claim. Similarly, he held that the same is true for the alleged breach of fiduciary duty where Mr. Wesco fails to even offer facts that could show the existence of a fiduciary relationship between Navy federal and himself. Report 10 (citations omitted)

Finally, as it relates to his theories of liabilities generally, the magistrate judge held that this was similar to what another district court in this circuit summed up as delusional and irrational, in which that court held:

> What the plaintiff characterizes as a "consumer credit transaction" allegedly giving rise to the application of federal securities laws is simply a contract to purchase cell phone service from AT&T. The plaintiff admittedly fell behind on her payments, and when AT&T notified her of the amounts owed, the plaintiff appointed an "attorney-in-fact" by the same name but in reverse and repeatedly attempted to submit as payment "endorsed negotiable instruments" which in reality were simply copies of her AT&T bills. AT&T eventually terminated the plaintiff's phone service for non-payment and later restored the plaintiff's service after she paid the amount owed. The plaintiff's claims of securities fraud, defamation and breach of contract are not grounded in reality and have no arguable basis in fact.

Report 11 (citing *Douglas v. AT&T Servs., Inc.,* No. 3:23-CV-328-MPM-RP, 2023 WL 6883667, at *2 (N.D. Miss. Sept. 5, 2023), *rec. adopted*, 2023 WL 6881817 (N.D. Miss. Oct. 18, 2023)).

Accordingly, the magistrate judge concluded that dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6).

**Order – Page 5**